DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellants,

v.

G.T.E. DIRECTORIES CORPORATION, Appellee.

No. 05–94–01110–CV.

Court of Appeals of Texas, Dallas.

June 22, 1995.

Order Published Aug. 2, 1995.

Rehearing Overruled Aug. 2, 1995.

Mike M. Tabor, David A. Scott, Clark West Keller Butler & Ellis, L.L.P., Dallas, for appellants.

John Brusniak, Jr., Brusniak & Clement, P.C., Dallas, for appellee.

Before LAGARDE, CHAPMAN and JAMES, JJ.

## OPINION

LAGARDE, Justice.

Dallas Central Appraisal District and Dallas County Appraisal Review Board appeal from the trial court's summary judgment amending the tax rolls for 1988 and 1989 in favor of G.T.E. Directories Corporation (GTE). Appellants bring two points of error contending that the trial court erred (1) in granting GTE's motion for summary judgment and denying appellants' motion for summary judgment; and (2) in overruling appellants' objections to GTE's summary judgment evidence. We sustain appellants' first point of error, reverse the trial court's judgment, and render judgment granting appellants' motion for summary judgment that GTE take nothing.

## FACTUAL BACKGROUND

GTE owned an office building located in the City of Irving in Dallas County. The property was listed on the 1988 and 1989 appraisal rolls as having a total market value of $4,464,000. GTE paid the taxes assessed on the building in 1988 and 1989 without protest. In 1992, GTE sought to have the 1988 and 1989 appraisal rolls changed to reflect a decreased value of the property due to ground shifts that rendered the building useless. Pursuant to section 25.25(c)(3) of the Texas Tax Code, GTE filed a motion with the Appraisal Review Board to correct the appraisal rolls because its property was not "in the form" described on the appraisal roll. The Review Board rejected GTE's motion. GTE then filed suit against the Appraisal District and the Appraisal Review Board. The parties filed cross-motions for summary judgment. The trial court granted GTE's motion for summary judgment and denied appellants' motion. The trial court ordered the 1988 appraisal roll changed to reflect a value of $554,464, and the 1989 roll changed to reflect a value of $277,232.

## STANDARD OF REVIEW

The function of a summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact but is to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and

that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.— Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Conversely, the plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty & Sur. Co.,* 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 680–81 (Tex.1982). Alternatively, the plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. *Estate of Devitt,* 758 S.W.2d 601, 602 (Tex.App.—Amarillo 1988, writ denied).

## APPRAISAL ROLL

In their first point of error, appellants contend that the trial court erred in granting GTE's motion for summary judgment and in denying their motion for summary judgment. The main dispute in this case is whether, under the facts of this case, the trial court erred in amending the appraisal rolls pursuant to section 25.25(c)(3).

Section 25.25 provides:

(a) Except as provided by Chapters 41 and 42, of [the Tax Code] and by this section, the appraisal roll may not be changed.

.     .     .     .     .

(c) At any time before the end of five years after January 1 of a tax year, the appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll to correct:

.     .     .     .     .

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

TEX.TAX CODE ANN. § 25.25 (Vernon 1992). GTE made no attempt to have the appraisal rolls changed pursuant to chapters 41 and 42. Section 25.25(d) also provides a remedy for errors resulting in an incorrect appraised value. However, the motion for correction of the appraisal roll must be filed before the taxes become delinquent. *See* TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992). GTE did not utilize this remedy, either. GTE does not assert that the property did not exist at the location described in the 1988 and 1989 appraisal rolls. Thus, the trial court's judgment can stand only if the change in the appraisal rolls was ordered by the trial court "to correct: . . . the inclusion of property that does not exist in the form . . . described in the appraisal roll."

To determine whether property exists "in the form . . . described in the appraisal roll," we must determine the meaning of "appraisal roll" and "form." The code defines "appraisal roll for the [appraisal] district" as *"[t]he appraisal records,* as changed by order of the appraisal review board and approved by

that board." TEX.TAX CODE ANN. § 25.24 (Vernon 1992) (emphasis added). "The appraisal records" are defined as being in the form prescribed by the comptroller and including:

(1) the name and address of the owner or, if the name or address is unknown, a statement that it is unknown;

(2) real property;

(3) separately taxable estates or interests in real property, including taxable possessory interests in exempt real property;

(4) personal property;

(5) the appraised value of land and, if the land is appraised as provided by Subchapter C, D, or E, Chapter 23 of this code, the market value of the land;

(6) the appraised value of improvements to land;

(7) the appraised value of a separately taxable estate or interest in land;

(8) the appraised value of personal property;

(9) the kind of any partial exemption the owner is entitled to receive, whether the exemption applies to appraised or assessed value, and, in the case of an exemption authorized by Section 11.23 of this code, the amount of the exemption;

(10) the tax year to which the appraisal applies; and

(11) an identification of each taxing unit in which the property is taxable.

TEX.TAX CODE ANN. § 25.02(a) (Vernon 1992). The appraisal roll must describe the property sufficiently only to identify it or as required by the comptroller. TEX.TAX CODE ANN. § 25.03 (Vernon 1992).

Having determined the meaning of "appraisal roll," we must now determine what constitutes a "form" of property "described in the appraisal roll." Appellants assert that "form" of property constitutes more than the appraised value of the property. Besides subsection (c), we note that subsection (d) also provides for appraisal roll corrections affecting tax liability. Subsection (d) permits the property owner to file a motion with the appraisal review board "to change the ap-

praisal roll to correct an error that resulted in an incorrect appraised value for the owner's property." TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992). That provision, however, provides that the motion to change the appraisal roll must be filed before the taxes become delinquent, the appraised value must exceed by more than one-third the correct appraised value, and the landowner must pay a "late-correction penalty." See TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992).

If "form" in subsection (c)(3) included "appraised value," the strict filing deadlines and penalty provisions of subsection (d) would be subsumed by subsection (c)(3)'s five-year filing deadline with no late-correction penalty. Compare TEX.TAX CODE ANN. § 25.25(c)(3) (Vernon 1992) with TEX.TAX CODE ANN. § 25.25(d) (Vernon 1992). Because statutes must be construed in a manner giving effect to the entire statute, we read "form" as meaning more than appraised value. See TEX.GOV'T CODE ANN. § 311.021(2) (Vernon 1988); G.N.B., Inc. v. Collin County Appraisal Dist., 862 S.W.2d 52, 56 (Tex.App.—Dallas 1993), rev'd on other grounds, 874 S.W.2d 659 (Tex.1994); Industrial Accident Bd. v. Martinez, 836 S.W.2d 330, 333 (Tex. App.—Houston [14th Dist.] 1992, no writ).

■ Reading sections 25.02(a), 25.03, 25.24, 25.25(c)(3), and 25.25(d) together, we construe "form" of the property to mean its identification as a type of property listed under section 25.02(a), such as real property, personal property, an improvement to real property, or some other physical description of the property on the appraisal roll, other than its appraised value or its use. See TEX.TAX CODE ANN. §§ 25.02(a), 25.24, 25.25(c)(3), 25.25(d) (Vernon 1992); Collin County Appraisal Dist. v. Northeast Dallas Assocs., 855 S.W.2d 843, 849 (Tex.App.—Dallas 1993, no writ) (form includes physical descriptions of the property's form, including its boundaries, shape, or configuration, but does not include descriptions of the property's use).

Throughout its motion for summary judgment and its brief on appeal, GTE asks the courts to look behind the appraisal rolls to the descriptions of the property in the com-

mercial worksheets supporting the appraisal rolls. If the property's form is incorrectly described on the worksheets, then, GTE argues, appellants and the courts should be able to change the appraised value on the appraisal roll. Section 25.25(c)(3) clearly does not permit us to do so. The language of section 25.25(c)(3) requires that the incorrect description be of "the form ... *described in the appraisal roll.*" TEX.TAX CODE ANN. § 25.25(c)(3) (Vernon 1988) (emphasis added). Under GTE's argument, the only change to the appraisal roll would be the appraised value and, as discussed above, the appraised value is not a description of the *form* of the property.

## LEGISLATIVE HISTORY

GTE argues that the bill analysis of section 25.25(c)(3) shows the legislature's intent that section 25.25(c)(3) apply to the facts of this case. The "Background" section of the bill analysis of section 25.25(c)(3) describes the problem the law was intended to solve:

> At this time there is no clear authority for an appraisal review board to remove non-existent property from the tax roll. Non-existent property includes the property of businesses which have gone out of business prior to the beginning of the tax year and property improvements which were either demolished or moved before the beginning of the tax year.

BILL ANALYSIS, TEX.S.B. 379, 71st Leg., R.S. (1989).

Most of the bill analysis discusses only the portion of subsection (c)(3) concerning property that does not exist at the *location* described in the appraisal roll. The only portion of the bill analysis that may address the issue of property not existing in the *form* described in the appraisal roll is the statement, "[n]onexistent property includes the property of businesses which have gone out of business prior to the beginning of the tax year." Whatever that portion of the bill analysis may mean, it is not relevant to this case because nothing in the record suggests that GTE went out of business prior to the beginning of the tax years. Although GTE's building was in poor condition, it did exist at the location described on the appraisal rolls

in 1988 and 1989. Thus, the legislative intent expressed in the bill analysis is not relevant to this case.

## ESTOPPEL

GTE asserts that the "form" of the property was incorrect as listed on commercial worksheets supporting the appraisal roll because the worksheets stated that the property was a three-story building in ninety-nine percent good condition, when, in fact, the building had two stories and was in poor condition. GTE argues that appellants are estopped from asserting that they cannot look behind the appraisal roll to correct an incorrect description of the form of the property on the supporting worksheets. GTE filed two affidavits showing that appellants, on three occasions, had, on 25.25(c)(3) motions, corrected appraisals when the underlying worksheets overstated the square-footage of the improvements.

■ Generally, the doctrine of estoppel does not apply against government entities. *See Arrington v. County of Dallas,* 792 S.W.2d 468, 472 (Tex.App.—Dallas 1990, writ denied). However, even if this case were an exception to that general rule, GTE could not use it to prevail because estoppel is a defensive mechanism only; it does not create additional rights. *See Hruska v. First State Bank,* 747 S.W.2d 783, 785 (Tex.1988). In this case, GTE seeks to use the estoppel doctrine to expand the clear wording of section 25.25(c)(3) beyond the appraisal roll to the commercial worksheets. The statute plainly requires that to be subject to correction, the incorrect description of the form of the property must appear on the appraisal roll. The doctrine of estoppel does not provide a basis for looking beyond the appraisal roll.

## CONCLUSION

■ The building was on the property during 1988 and 1989. GTE admitted in the trial court that the legal description in the appraisal roll was correct. GTE also admitted that the appraisal rolls' description of the property as consisting of real property, land, and improvements was correct. The ap-

praisal rolls did not otherwise describe the form of the property. Because the property did exist in the form and at the location described in the appraisal rolls, section 25.25(c)(3) was not applicable.

The trial court's summary judgment order changing only the appraised value listed on the appraisal rolls was not a change of the property's "form ... described in the appraisal roll" and was not authorized by section 25.25(c)(3). The record shows that appellants proved their entitlement to summary judgment as a matter of law. Accordingly, we hold that the trial court erred in granting summary judgment for GTE and in overruling appellants' motion for summary judgment. We sustain appellant's first point of error. We do not reach appellants' second point of error challenging the trial court's overruling of their objections to GTE's summary judgment evidence.

We reverse the trial court's judgment and render the judgment that the trial court should have rendered granting appellants' motion for summary judgment that GTE take nothing.

CHAPMAN, J., dissenting.

CHAPMAN, dissenting.

I respectfully dissent. I would conclude the trial court properly ordered the change in the appraisal rolls to correct the inclusion of property that did not exist in the form described in the appraisal rolls. *See* TEX.TAX CODE ANN. § 25.25(c)(3) (Vernon 1992).

The majority asserts that "form" means more than "appraised value." It concludes that because the only change GTE sought on the face of the rolls was the appraised value, section 25.25(c)(3) does not provide GTE a remedy. I agree that "form" means more than appraised value. That is, a taxpayer cannot resort to section 25.25(c)(3) when his only complaint is a disagreement about the appraised value of the property. Nevertheless, I believe errors in "form" can affect the appraised value. In such circumstances, I would conclude section 25.25(c)(3) provides a taxpayer a remedy notwithstanding that the actual error in "form" does not appear on the face of the rolls.

The majority concludes that "form" of the property is limited to its identification as a type of property listed under section 25.02(a), such as real property, personal property, an improvement to real property, or some other physical description of the property in the appraisal roll, other than its appraised value or use. *See* TEX.TAX CODE ANN. § 25.02(a) (Vernon 1992). I believe this narrow construction of section 25.25(c)(3) conflicts with our decision in *Collin County Appraisal District v. Northeast Dallas Associates* and with the legislative history of the statute.

In *Northeast Dallas Associates,* this Court, interpreting section 25.25(c)(3), stated:

> The Texas Property Tax Code does not provide a definition or explanation of what is meant by "the inclusion of property that does not exist in the form or at the location described in the appraisal roll." Although nonexistent property certainly is included by the language of section 25.25(c)(3), we are not inclined to limit the statutory language to mean only nonexistent property. "Form" is defined as the "*shape and structure of something as distinguished from its substance.*" THE AMERICAN HERITAGE DICTIONARY 525 (2d ed.1985). And "form" refers "to the distinctive appearance of a thing to be determined by its visible lines." *Id.* We believe the term "form" in section 25.25(c)(3) does not refer to the use of the property *but to the physical description of the property, which would include boundaries, shape, or configuration of property.*

*Collin County Appraisal Dist. v. Northeast Dallas Assocs.,* 855 S.W.2d 843, 849 (Tex. App.—Dallas 1993, no writ) (emphasis added). Thus, this court has held that "form" as used in section 25.25(c)(3) refers to the "physical" description of the property. Further, "physical" description does not refer to whether property is "real," "personal," or an "improvement," as the majority suggests. Rather, the physical description of the property refers to the boundaries, shape, configuration, and the like, of the property. *Northeast Dallas Associates,* 855 S.W.2d at 849. The Property Tax Code does not require the physical description of the property, as contemplated by *Northeast Dallas Associates,* to be included on the face of the appraisal rolls.

*See* Tex.Tax Code Ann. § 25.03 (Vernon Supp.1995). Instead, the physical description of the property is found on the commercial worksheets. These worksheets determine the appraised value to be included in the rolls. Therefore, the physical description of the property is ultimately subsumed into an appraised value which does appear on the face of the rolls. Thus, I would conclude that under *Northeast Dallas Associates,* section 25.25(c)(3) provides a taxpayer a remedy when the physical description of the property on the commercial worksheets is incorrect causing an incorrect appraised value. This interpretation of section 25.25(c)(3) is consistent with the law requiring us to resolve all doubts in the law in favor of the taxpayer and against the taxing authority. *Bullock v. Statistical Tabulating Corp.,* 549 S.W.2d 166, 168 (Tex.1977).

I also disagree with the majority's conclusion that the legislative history of section 25.25(c)(3) is irrelevant. The majority's rationale is premised on the fact that section 25.25(c)(3) does not give a taxpayer a remedy when the only change sought on the face of the appraisal rolls is the appraised value. The statutory amendment permitting a taxpayer to change the appraisal rolls was intended to provide taxpayers a remedy when a business had "gone out of business." *See* Bill Analysis, Tex.S.B. 379, 71st Leg., R.S. (1989). However, whether a business is "in" or "out of" business is not required to be included in the appraisal rolls. *See* Tex.Tax Code Ann. § 25.02(a) (Vernon 1992). Therefore, the mere fact that the form of the property sought to be changed is not literally in the rolls does not preclude relief.

The undisputed summary judgment evidence showed that the appraised value on the appraisal rolls is determined by the commercial worksheets. Therefore, an error on the commercial worksheets would result in an error on the rolls. The commercial worksheets described the improvements on the land as a three-story building in ninety-nine percent good condition. However, the property did not exist as such. In reality, the property was a two-story structurally unsound building. The reason for the poor condition of the property was that construction errors in laying the building's foundation caused structural defects in the building. Thus, I would conclude the property did not exist in the form described in the commercial worksheets. Although these errors in the "form" of the property did not literally appear on the appraisal rolls, the appraised value on the rolls was transcribed from the worksheet. Therefore, the error did appear "on the rolls" by way of an incorrect appraised value. Specifically, the errors on the commercial worksheets caused the property to be appraised at $4,464,000 in 1988 and 1989 when in reality the value of the property in those years was only $554,464 and $277,232, respectively. I would conclude section 25.25(c)(3) authorized a change in the appraisal rolls under the facts of this case.

Alternatively, appellants contend the trial court erred in granting summary judgment because genuine issues of material fact exist. The trial court ordered the appraised value of GTE's property reduced to $554,464 and $277,232 for the 1988 and 1989 tax years. Appellants assert they offered controverting summary judgment evidence that the value of GTE's property was greater in those years. Appellants rely on evidence showing how it initially calculated the appraised value of GTE's property for the 1988 and 1989 appraisal rolls. Appellants' evidence shows only what the property would have been worth had its description been correct on the commercial worksheets. The undisputed summary judgment evidence, however, conclusively showed that the description of the property on the commercial worksheets was incorrect, resulting in an incorrect appraised value. Appellants' evidence does not raise a fact issue with respect to the value of the property in 1988 and 1989 in its actual condition. Accordingly, I would overrule appellants' first point of error.

In their second point of error, appellants contend the trial court erred in overruling their objections to certain affidavits GTE offered in support of its motion for summary judgment. Appellants assert the affidavits are irrelevant and are not, therefore, proper summary judgment evidence. *See* Tex. R.Civ.P. 166a(f). Appellants maintain we cannot consider the affidavits in our review. I have not considered the complained-of affi-

davits. Accordingly, I would overrule appellants' second point of error and would affirm the trial court's judgment. For the reasons stated, I respectfully dissent.