**A & S AIR SERVICE, INC., Appellant,**

v.

**DENTON CENTRAL APPRAISAL DISTRICT and Denton County Appraisal Review Board, Appellees.**

No. 2–02–042–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 13, 2003.

Geary, Porter & Donovan, P.C., Ronald D. Gray, Addison, for Appellant.

Perdue, Brandon, Fielder, et al., Robert Mott, Joseph T. Longoria, Houston, for Appellees.

Panel B: DAY, DAUPHINOT, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### I.  Introduction

In this case Appellant, A & S Air Service, Inc. ("A & S"), seeks a refund from Appellees, Denton County Appraisal District ("DCAD") and Denton County Appraisal Review Board ("DCARB"), arguing that the DCAD failed to allocate the value of a business aircraft to reflect use in interstate commerce according to section 25.25(c)(3) of the Texas Tax Code ("the Tax Code").[1]  On appeal from the DCAD'S ruling, the trial court entered a take-nothing judgment against A & S. We affirm the trial court's judgment against A & S.

### II.  Factual Summary

During the relevant time period described below, A & S owned an aircraft, which is the subject of this property tax

---

1. TEX. TAX CODE ANN. § 25.25(c)(3) (Vernon 2001).

dispute. A & S used the aircraft for business purposes both inside and outside the State of Texas. On January 1 of 1995, 1996, 1997, and 1998 the aircraft was located within the boundaries of the DCAD.[2] The aircraft was taxed on one-hundred percent of its market value for each of the stated years.

A & S did not protest the valuation of the aircraft in any way until September 27, 1999, when A & S filed a motion pursuant to section 25.25(c) to correct the DCAD appraisal rolls.[3] A & S did not file a motion to correct the appraisal records under any other statute. On November 17, 1999, the DCARB held a hearing on A & S's section 25.25(c) motion. On November 22, the DCARB issued its order denying the motion and denied any change to the appraisal records.

A & S timely filed this lawsuit in the district court appealing the DCARB's denial of the 25.25(c) motion.[4] After a bench trial, the trial court entered a take-nothing judgment and taxed all costs against A & S.

### III. Legal Analysis

A & S contends in three points on appeal that the trial court erred in (1) failing to enter judgment correcting the property tax values of the aircraft to reflect usage outside the State of Texas; (2) finding that A & S's administrative motion was limited

to a correction pursuant to the Tax Code section 21.055; and (3) concluding that A & S was not entitled to attorneys fees. Because we hold that the trial court correctly entered a take-nothing judgment against A & S, we overrule A & S's first issue.

■ As of January 1 of each year 1995 through 1998, the aircraft was located within the boundaries of the DCAD.[5] During these years A & S did not attempt to protest the appraisal rolls pursuant to chapters 41or 42 of the Tax Code or pursuant to section 25.25(d) of the Tax Code.[6] Consequently, A & S can only obtain the relief sought if section 25.25(c)(3) allows the appraisal rolls for each year to be corrected under the circumstances of this case.[7] We agree with the Dallas, San Antonio, and Texarkana Courts of Appeals and hold that it does not.[8]

Section 25.25(c)(3) states that on motion from the property owner and by written order from the appraisal review board, the appraisal roll for any of the five preceding years may be changed to correct "the inclusion of property that *does not exist* in the *form* or at the *location* described in the appraisal roll."[9] In other words, this code provision only applies to correct errors in the tax rolls that relate to the description of the form or location of the property.[10]

---

**2.** *See id.* § 21.02.

**3.** *Id.* § 25.25(c).

**4.** *See id.* § 42.21 (Vernon 2001).

**5.** *See id.* § 21.02.

**6.** *See Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.,* 905 S.W.2d 318, 320 (Tex. App.-Dallas 1995, writ denied); *see also* TEX. TAX CODE ANN. § 25.25(d); *see generally* TEX. TAX CODE ANN. chs. 41, 42.

**7.** *See Aramco Associated Co. v. Harris County Appraisal Dist.,* 33 S.W.3d 361, 364 (Tex.App.-Texarkana 2000, pet. denied).

**8.** *See Titanium Metals Corp. v. Dallas County Appraisal Dist.,* 3 S.W.3d 63, 66 (Tex.App.-Dallas 1999, no pet.); *see also Curtis C. Gunn, Inc. v. Bexar County Appraisal Dist.,* 71 S.W.3d 425, 429 (Tex.App.-San Antonio 2002, pet. denied); *Aramco,* 33 S.W.3d at 365.

**9.** TEX. TAX CODE ANN. § 25.25(c)(3) (emphasis added).

■ The Dallas Court of Appeals defined "form" to mean the identification of the type of property listed under section 25.02(a).[11] Specifically, the different types of property include real property, personal property, improvements to real property, "or some other physical description of the property on the appraisal roll, other than its appraised value or its use."[12] A & S does not challenge the form of the property.

With regard to location of the property described in the tax rolls, section 25.25(c)(3) requires that for any change in the tax roll to be allowed, the property must have been included in the tax roll when in fact it does not exist at the location described in the tax roll.[13] If the property exists in the form described in the appraisal roll and at the location described in the appraisal roll, then section 25.25(c)(3) is not the proper remedy for A & S's relief.[14]

The trial court's findings of facts state that as of January 1 for each of the years in question the aircraft was located within the boundaries of the DCAD.[15] Accordingly, the trial court did not err when it concluded that section 25.25(c) does not authorize the correction of the appraisal rolls in this case.

A & S argues that value allocation of personal property used in interstate commerce pursuant to section 21.03 is constitutionally required and, therefore, the value rendered for the years 1995–1998 should be corrected to reflect such usage outside the State of Texas. As an initial matter, we point out that A & S neither raised this point with the DCARB nor obtained an order on it.[16]

■ A property owner has a constitutional right to allocate the value of property used in interstate commerce as long as certain principal guidelines are followed.[17] However, in order to allocate the value of interstate property, the property owner must follow the statutes that detail the procedures for obtaining such an allocation.[18]

■ For example, a property owner must provide the proper appraisal review board with written notice of a protest before June 1 of the taxing year or not later than the 30th day after the date that notice was delivered to the property owner, or the property owner will not be entitled to a hearing and determination of the protested matter.[19] Furthermore, the property owner may appeal an unsatisfactory determination by the appraisal review board to the district court only if a petition for review is filed within 45 days after the property owner received notice of the final

10. See id.; see also Aramco, 33 S.W.3d at 365.

11. G.T.E., 905 S.W.2d at 321; see also Titanium Metals, 3 S.W.3d at 66.

12. TEX. TAX CODE ANN. § 25.02(a); G.T.E., 905 S.W.2d at 321; see also Titanium Metals, 3 S.W.3d at 66.

13. See TEX. TAX CODE ANN. § 25.25(c)(3); see also Aramco, 33 S.W.3d at 365.

14. See TEX. TAX CODE ANN. § 25.25(c)(3); see also Aramco, 33 S.W.3d at 365.

15. See TEX. TAX CODE ANN. § 21.02.

16. See id. § 42.01.

17. See Aramco, 33 S.W.3d at 364 (citing Appraisal Review Bd. v. Tex–Air Helicopters, Inc., 970 S.W.2d 530, 533–34 (Tex.1998)).

18. See id.

19. TEX. TAX CODE ANN. § 41.44; see also Aramco, 33 S.W.3d at 364.

order.[20] A & S did not take advantage of this statutorily provided protest process. Accordingly, any constitutional entitlement was waived.[21]

A & S also argues that this court has previously held that a court may "look behind" the appraisal rolls to determine the existence of errors that could be corrected under section 25.25(c).[22] In *Comdisco*, this court held that when a property owner made a clerical error, such as valuing personal property at $13 million as opposed to the correct value of $1.3 million, section 25.25(c)(1) allows an appraisal review board to correct the error in the appraisal roll.[23] *Comdisco* only addressed section 25.25(c)(1) and provided that the court could "look behind" the appraisal roll in that case because that is precisely the relief provided in the statute.[24] However, A & S now asks this court to "look behind" the appraisal roll when a statute does not so provide. This we decline to do. We overrule A & S's first point.

A & S argues in its second point that the trial court erred in concluding that A & S's administrative motion was limited to a correction pursuant to section 21.055 and that the trial court lacked jurisdiction over any other allocation issues. A & S contends that its section 25.25(c) motion was not limited to the application of section 21.055, the motion clearly requested interstate allocation for its business aircraft, and the allocation should be retroactive. Because we hold that section 25.25(c) does not authorize the correction of the appraisal rolls

under the facts of this case, we do not reach A & S's second point.[25]

With regard to A & S's third point, because we conclude that the trial court properly entered a take-nothing judgment against A & S, we conclude that the trial court properly denied A & S recovery of its attorney's fees.[26]

## IV. Conclusion

Because we overrule A & S's first point and find that point dispositive of the case, we do not address A & S's second and third points.[27] We affirm the trial court's decision.

---

**20.** Tex. Tax Code Ann. § 42.21(a).

**21.** *See Aramco,* 33 S.W.3d at 364.

**22.** *Comdisco, Inc. v. Tarrant County Appraisal Dist.,* 927 S.W.2d 325, 326 (Tex.App.-Fort Worth 1996, writ ref'd).

**23.** *Id.*

**24.** *Id.* at 327.

**25.** *See* Tex R.App. P. 47.1.

**26.** *See* Tex Tax Code Ann. § 42.29.

