CIT Leasing Corporation v. Tarrant Appraisal Review Board and Tarrant Appraisal District

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-294-CV

CIT LEASING CORPORATION APPELLANT

V.

TARRANT APPRAISAL REVIEW BOARD APPELLEES

AND TARRANT APPRAISAL DISTRICT 

------------

FROM THE 342
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This case involves the valuation of a business aircraft used in interstate commerce for the purpose of determining ad valorem taxes.  Appellant CIT Leasing Corp. (“CIT”) seeks a refund from Appellees Tarrant Appraisal Review Board (“TARB”) and Tarrant Appraisal District (“TAD”) arguing that the value of the business aircraft should have been retroactively corrected under Tax Code section 25.25(c)(3) to reflect its use in interstate commerce.
(footnote: 2)  The trial court entered a take-nothing judgment.  We affirm the trial court’s judgment.

I.  FACTUAL SUMMARY

The parties filed an agreed statement of facts in the trial court.
(footnote: 3)  The  statement reflects that CIT is in the business of leasing aircraft to third parties.  On January 1, 1998, CIT owned an aircraft that was based in Tarrant County and leased to Bell Helicopter Textron, Inc.  TAD placed the aircraft on the 1998 appraisal roll at a value of $8,353,000, which was the aircraft’s market value as of January 1, 1998.  CIT neither tendered to TAD any information relating to the interstate apportionment of the value of the aircraft during the 1998 tax year nor requested that the value of the aircraft be allocated to reflect its interstate use.  TAD did not possess any information by which it could properly allocate the value of the aircraft.  Furthermore, CIT did not protest the failure to allocate the value of the aircraft even though CIT had received notice of the aircraft’s value and taxable location during 1998. 

CIT raised the allocation issue for the first time in a motion to correct the appraisal records which was filed on December 2, 1999.  CIT argued before TARB as well as before the trial court and this court that section 25.25(c)(3) allows for the retroactive allocation of the value of property used in interstate commerce.  TARB issued an order denying CIT’s motion.  After paying the challenged tax according to section 42.08(b), CIT filed suit in the district court.  The parties agreed that if the court determined that CIT was entitled to have the valuation corrected for tax year 1998, the value of the aircraft allocated to TAD is $2,174,745.  Following trial on the agreed statement of facts signed by the parties, the trial court rendered a take-nothing judgment against CIT.

II.  LEGAL ANALYSIS

CIT argues in two issues that the trial court erred in concluding that section 25.25(c)(3) could not be used to obtain an interstate allocation of value for business personal property and that section 21.055 could not be used as the measure to allocate the value of CIT’s business aircraft used continuously outside of Texas for the tax year 1998.
(footnote: 4) 

TAD placed the aircraft on the 1998 appraisal roll.  CIT did not protest the appraisal rolls pursuant to chapters 41 or 42 of the tax code or pursuant to section 25.25(d) of the tax code.
(footnote: 5)  CIT argues that interstate allocation is available through section 25.25(c)(3).  We disagree.

Section 25.25(c)(3) provides that on the property owner’s motion and by written order from the appraisal review board, the appraisal roll for any of the five preceding years may be changed to correct “the inclusion of property that does not exist in the form or at the location described in the appraisal roll.”
(footnote: 6)  Section 25.25(c)(3) of the Tax Code does not permit a retroactive change in the appraisal roll for interstate allocation.
(footnote: 7)  Because the trial court properly concluded that section 25.25(c)(3) cannot be used to obtain an interstate allocation of value, we overrule CIT’s first issue. 

In its second issue, CIT argues that section 21.055 of the tax code provides the proper measure for interstate allocation of a business aircraft.
(footnote: 8)  However, this argument assumes that section 25.25(c)(3) provides for the retroactive allocation for aircraft used in interstate commerce.  Because we hold that 25.25(c)(3) does not provide for such an allocation, we do not reach CIT’s second issue.
(footnote: 9)
IV.  CONCLUSION

Because we overrule CIT’s first issue and find that issue dispositive of the case, we do not reach its second issue.
(footnote: 10)  We affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ. 

DELIVERED:  July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
See 
Tex. Tax Code Ann.
 § 25.25(c)(3) (Vernon 2001) (Providing for  correction of appraisal role for prior five years).

3:
See 
Tex. R. Civ. P. 263.

4:
See
 
Tex. Tax Code Ann.
 § 21.055 (providing allocation formula to determine value of business aircraft used in Texas).

5:
See A&S Air Serv., Inc. v. Denton Cent. Appraisal Dist.
, 99 S.W.3d 340, 342 (Tex. App.—Fort Worth 2003, no pet.); 
see also
 
Tex. Tax Code Ann.
 § 25.25(d); 
see
 
Tex. Tax Code Ann. 
§§ 41.41, 42.01.

6:
Tex. Tax Code Ann. 
§ 25.25(c)(3).

7:
A & S Air Serv.
, 99 S.W.3d at 343; 
Harris County Appraisal Dist. v. Tex. Gas Transmission Corp.
, No. 01-01-1103-CV, slip op. at 4, 2003 WL 1563867, *5 (Tex. App.—Houston [1
st
 Dist.] March 27, 2003, pet. filed) (en banc) (overruling 
Himont U.S.A., Inc. v. Harris County Appraisal Dist.
, 904 S.W.2d 740, (Tex. App.—Houston [1
st
 Dist.] 1995, no writ)); 
Harris County Appraisal Dist. v. Tex. E. Transmission Corp.
, 99 S.W.3d 849, 852 (Tex. App.—Houston [14
th
 Dist.] 2003, no pet.); 
Kellair Aviation Co. v. Travis Cent. Appraisal Dist.
, 99 S.W.3d 704, 708 (Tex. App.—Austin 2003, pet. filed); 
Curtis C. Gunn, Inc. v. Bexar County Appraisal Dist.
, 71 S.W.3d 425, 429 (Tex. App.—San Antonio 2002, pet. denied); 
Aramco Associated Co. v. Harris County Appraisal Dist.
, 33 S.W.3d 361, 365 (Tex. App.—Texarkana 2000, pet. denied).  
But see
 Op. Tex. Att’y Gen. No. JC-0180 (2000) (concluding that taxpayer can petition appraisal review board under section 25.25(c)(3) of Tax Code to retroactively allocate value of qualifying business aircraft used in interstate commerce).

8:
See 
Tex. Tax Code Ann. 
§ 21.055.

9:
See 
Tex. R. App. P. 47.1.

10:
See id.