COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-294-CV
 
CIT LEASING CORPORATION       
           
           
           
           
    APPELLANT
V.
TARRANT APPRAISAL REVIEW BOARD       
           
           
           
    APPELLEES
AND TARRANT APPRAISAL DISTRICT
------------
FROM THE 342
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
This case involves the valuation of a
business aircraft used in interstate commerce for the purpose of determining ad
valorem taxes. Appellant CIT Leasing Corp. ("CIT") seeks a refund from
Appellees Tarrant Appraisal Review Board ("TARB") and Tarrant
Appraisal District ("TAD") arguing that the value of the business
aircraft should have been retroactively corrected under Tax Code section
25.25(c)(3) to reflect its use in interstate commerce.(2)
The trial court entered a take-nothing judgment. We affirm the trial court's
judgment.
I. FACTUAL SUMMARY
The parties filed an agreed statement of
facts in the trial court.(3) The statement
reflects that CIT is in the business of leasing aircraft to third parties. On
January 1, 1998, CIT owned an aircraft that was based in Tarrant County and
leased to Bell Helicopter Textron, Inc. TAD placed the aircraft on the 1998
appraisal roll at a value of $8,353,000, which was the aircraft's market value
as of January 1, 1998. CIT neither tendered to TAD any information relating to
the interstate apportionment of the value of the aircraft during the 1998 tax
year nor requested that the value of the aircraft be allocated to reflect its
interstate use. TAD did not possess any information by which it could properly
allocate the value of the aircraft. Furthermore, CIT did not protest the failure
to allocate the value of the aircraft even though CIT had received notice of the
aircraft's value and taxable location during 1998.
CIT raised the allocation issue for the
first time in a motion to correct the appraisal records which was filed on
December 2, 1999. CIT argued before TARB as well as before the trial court and
this court that section 25.25(c)(3) allows for the retroactive allocation of the
value of property used in interstate commerce. TARB issued an order denying
CIT's motion. After paying the challenged tax according to section 42.08(b), CIT
filed suit in the district court. The parties agreed that if the court
determined that CIT was entitled to have the valuation corrected for tax year
1998, the value of the aircraft allocated to TAD is $2,174,745. Following trial
on the agreed statement of facts signed by the parties, the trial court rendered
a take-nothing judgment against CIT.
II. LEGAL ANALYSIS
CIT argues in two issues that the trial
court erred in concluding that section 25.25(c)(3) could not be used to obtain
an interstate allocation of value for business personal property and that
section 21.055 could not be used as the measure to allocate the value of CIT's
business aircraft used continuously outside of Texas for the tax year 1998.(4)
TAD placed the aircraft on the 1998
appraisal roll. CIT did not protest the appraisal rolls pursuant to chapters 41
or 42 of the tax code or pursuant to section 25.25(d) of the tax code.(5)
CIT argues that interstate allocation is available through section 25.25(c)(3).
We disagree.
Section 25.25(c)(3) provides that on the
property owner's motion and by written order from the appraisal review board,
the appraisal roll for any of the five preceding years may be changed to correct
"the inclusion of property that does not exist in the form or at the
location described in the appraisal roll."(6)
Section 25.25(c)(3) of the Tax Code does not permit a retroactive change in the
appraisal roll for interstate allocation.(7)
Because the trial court properly concluded that section 25.25(c)(3) cannot be
used to obtain an interstate allocation of value, we overrule CIT's first issue.
In its second issue, CIT argues that
section 21.055 of the tax code provides the proper measure for interstate
allocation of a business aircraft.(8) However,
this argument assumes that section 25.25(c)(3) provides for the retroactive
allocation for aircraft used in interstate commerce. Because we hold that
25.25(c)(3) does not provide for such an allocation, we do not reach CIT's
second issue.(9)
IV. CONCLUSION
Because we overrule CIT's first issue and
find that issue dispositive of the case, we do not reach its second issue.(10)
We affirm the trial court's judgment.
 
                                                           
LEE ANN DAUPHINOT
                                                           
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
DELIVERED: July 17, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Tax Code Ann. § 25.25(c)(3) (Vernon
2001) (Providing for correction of appraisal role for prior five years).
3. See Tex. R. Civ. P. 263.
4. See Tex. Tax Code Ann. § 21.055 (providing
allocation formula to determine value of business aircraft used in Texas).
5. See A&S Air Serv., Inc. v. Denton Cent.
Appraisal Dist., 99 S.W.3d 340, 342 (Tex. App.--Fort Worth 2003, no pet.); see
also Tex. Tax Code Ann. § 25.25(d); see Tex. Tax Code Ann. §§
41.41, 42.01.
6. Tex. Tax Code Ann. § 25.25(c)(3).
7. A & S Air Serv., 99 S.W.3d at 343; Harris
County Appraisal Dist. v. Tex. Gas Transmission Corp., No. 01-01-1103-CV,
slip op. at 4, 2003 WL 1563867, *5 (Tex. App.--Houston [1st Dist.]
March 27, 2003, pet. filed) (en banc) (overruling Himont U.S.A., Inc. v.
Harris County Appraisal Dist., 904 S.W.2d 740, (Tex. App.--Houston [1st
Dist.] 1995, no writ)); Harris County Appraisal Dist. v. Tex. E.
Transmission Corp., 99 S.W.3d 849, 852 (Tex. App.--Houston [14th
Dist.] 2003, no pet.); Kellair Aviation Co. v. Travis Cent. Appraisal Dist.,
99 S.W.3d 704, 708 (Tex. App.--Austin 2003, pet. filed); Curtis C. Gunn,
Inc. v. Bexar County Appraisal Dist., 71 S.W.3d 425, 429 (Tex. App.--San
Antonio 2002, pet. denied); Aramco Associated Co. v. Harris County Appraisal
Dist., 33 S.W.3d 361, 365 (Tex. App.--Texarkana 2000, pet. denied). But
see Op. Tex. Att'y Gen. No. JC-0180 (2000) (concluding that taxpayer can
petition appraisal review board under section 25.25(c)(3) of Tax Code to
retroactively allocate value of qualifying business aircraft used in interstate
commerce).
8. See Tex. Tax Code Ann. § 21.055.
9. See Tex. R. App. P. 47.1.
10. See id.