**Affirmed and Opinion Filed April 27, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00800-CV

**DISH NETWORK CORPORATION AND BLOCKBUSTER, LLC, A WHOLLY OWNED SUBSIDIARY OF DISH NETWORK CORPORATION, Appellants**

**V.**

**COLLIN CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-03370-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Bridges

Dish Network Corporation and Blockbuster, LLC, a wholly-owned subsidiary of Dish Network Corporation (Dish) appeals the trial court's traditional summary judgment in favor of Collin Central Appraisal District. In three issues, Dish argues the trial court erred in granting summary judgment because the evidence presented by the District was contradictory, conclusory, and non-existent. We affirm the trial court's judgment.

The summary judgment evidence shows that, in May 2011, Dish acquired Blockbuster. Dish filed a business personal property rendition of personal property, and the District appraised Dish's inventory at $70,076,219. In July 2011, Dish filed a protest for "excessive appraisal, unequal appraisal and appraisal of intangibles." Following a hearing in July 2011, the Collin County appraisal review board denied Dish's protest. In September 2012, Dish sued the District,

alleging the District did not provide Dish with notice of the $70,076,219 appraisal. Dish further alleged the appraisal was in excess of fair market value; was based on an appraisal method that was antiquated, unfair, and erroneous; was unequal compared to a sample of similar properties; and constituted an unlawful levy and created an illegal lien on the property. Dish alleged it had presented to the appraisal review board a claim that clerical errors affected Dish's 2011 tax liability and had filed a motion to correct the appraisal roll and the value of the property pursuant to section 25.25(c) of the tax code. Dish claimed the appraisal erroneously included property that did not exist in the form or at the location described in the appraisal roll and property that Dish did not own on January 1 of 2011.

In April 2015, the District filed a traditional motion for summary judgment in which it pointed out that Dish obtained a hearing before the appraisal review board in July 2011 but did not raise its 25.25(c) claims until March 2012. The District argued Dish's claims of clerical error were untimely and improper and constituted an attempt to have a second assessment of Dish's inventory for 2011. Further, the District argued that, under section 25.25(c), the appraisal roll may not be changed if the property was subject to a protest brought by the owner under Chapter 41, a hearing on the protest was conducted in which the property owner offered evidence or argument, and the appraisal review board made a determination of the protest on the merits. The District cited section 25.25(c)'s provision that a "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination. On June 1, 2015, the trial court granted the District's traditional motion for summary judgment, and this appeal followed.

In three issues, Dish argues summary judgment was improper and the summary judgment evidence was (1) contradictory because it raised the issue of whether the District could have made a clerical error in assessing Dish's nontaxable assets; (2) conclusory because the District's

proffered testimony merely stated that it made no errors in its calculations; and (3) lacking because no evidence was presented to show Dish's protests were untimely or improper. More specifically, Dish argues its own rendition for 2011 showing $24,079,794 in taxable property contradicted the District's assessment, thereby raising an issue of material fact whether the District could have committed a clerical error; the affidavit of District appraiser Brad Richards was conclusory because it merely stated the District arrived at the appraised value "through a process of deliberate determination, reasoning and appraisal" and did not result from a clerical error; and there were no work papers, schedules, or calculations provided to show how the District arrived at its appraised value. In making these arguments, Dish reiterates its argument that the appraisal erroneously included property that did not exist in the form or at the location described in the appraisal roll and property that Dish did not own on January 1 of 2011.

The standard for reviewing a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movants have the burden of showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

The property tax code provides that the appraisal review board, on motion of the chief appraiser or a property owner, may direct changes in the appraisal role for any of the five preceding years to correct:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

(2) multiple appraisals of a property in that tax year;

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or

(4) an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year.

TEX. TAX CODE ANN. § 25.25(c) (West 2015).

Under the tax code, a "clerical error" means an error:

(A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or

(B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

Id. § 1.04(18) (West 2015).

We first address Dish's argument that Richards' affidavit in support of the District's motion for summary judgment was "conclusory." The record shows Richards' affidavit did not merely state the District arrived at the appraised value "through a process of deliberate determination, reasoning and appraisal" and did not result from a clerical error. The affidavit further indicated the District disagreed with Dish's "valuation 'theory' as it relates to intangibles" and the District's appraisal of Dish's property. Richards stated he "dispute[s] the value determination, judgment, and appraisal theory used by [Dish]." Thus, Richards' affidavit established that the District's valuation of Dish's taxable property resulted from a disagreement with Dish's claims that certain property was "intangibles" or nontaxable and a valuation in

keeping with the District's "appraisal judgment and techniques on valuing property." "Clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination. *Id.* Under these circumstances, we conclude Richards' affidavit was not conclusory and established the District's valuation did not result from a clerical error. We overrule Dish's first issue.

In arguing the District's evidence was contradictory and created a fact issue whether the District committed a clerical error, Dish only relies upon section 1.04(18) subsection A's definition of clerical error and argues the District made a "clerical error" in "calculating" its renditions as those terms are used in the definition of clerical error. Specifically, Dish argues its rendition for tax year 2011 included $24,079,794 in taxable property, $10,434 in "intangibles," and $46,115,002 in nontaxable "disposed" property, amounting to a total of $70,205,230 in taxable and nontaxable property. Nevertheless, despite "the Rendition's clear identification of what was taxable and nontaxable," the District set the total taxable value at $70,076,219. Dish argues this amounted to a "clerical error" in that the District included nontaxable property in its taxable value calculation. The discrepancy between the rendition's listing of $24,079,794 in taxable property and the District's determination of $70,076,219 in taxable property, Dish argues, creates a genuine issue of material fact precluding summary judgment.

Dish's arguments attempt to revise the methodology the District used to calculate the renditions. *See Dallas Central Appraisal Dist. v. S.W. Airlines Co.*, No. 05-10-00682-CV, 2012 WL 210964, at *3 (Tex. App.—Dallas Jan. 24, 2012, pet. denied) (mem. op.). The record establishes that the District disagreed with Dish's "valuation 'theory'" and applied its own appraisal theory to its determination of the value of Dish's taxable property. Applying one methodology when another is either called for or would produce better results is simply not a clerical error as that term is contemplated by the tax code. *Id.* We overrule Dish's second issue.

To the extent Dish reiterates its argument that the District erroneously included certain property in its assessment, we note the property tax code does not explain what is meant by the phrase "inclusion of property that does not exist in the form or at the location described in the appraisal roll." *Titanium Metals Corp. v. Dallas Cty. Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex. App.—Dallas 1999, no pet.). Nevertheless, this Court has defined the term "form" in the context of 25.25(c)(3) to mean "its identification as a type of property listed under section 25.02(a), such as real property, personal property, an improvement to real property, or some other physical description of the property on the appraisal roll, other than its appraised value or its use." *Id.* (quoting *Dallas Central Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex. App.—Dallas 1995, writ denied). Thus, the relief available under section 25.25(c)(3) applies only when no property exists in the form or at the location described in the appraisal roll. *Id.* Stated differently, correction of the appraisal roll is only allowed when the appraisal roll erroneously reflects that a particular form of property exists at a specified location and, in fact, no such property exists at that location. *Id.*

Here, the "form" of the property described in the appraisal roll is "business personal property." Dish does not dispute that it maintains business personal property at the location described in the roll. Instead, Dish argues that it does not maintain as much business personal property at that location as the appraisal roll indicates. This is a complaint about the value of the property described in the appraisal roll, not a complaint about the existence or nonexistence of certain "forms" of property at the location described. Because we conclude business personal property did exist at the location in the appraisal roll, we conclude that amending the roll under section 25.25(c)(3) was not authorized. *Titanium Metals*, 3 S.W.3d at 66. Accordingly, summary judgment was proper in favor of the District on all of Dish's claims. *See Nixon*, 690 S.W.2d at 548–49.

Finally, to the extent Dish argues summary judgment in favor of the District was improper on the grounds that Dish's motion for correction of the appraisal roll under section 25.25(c) was untimely, we conclude we need not address this issue. When multiple grounds for summary judgment are raised and the trial court does not specify the ground or grounds relied upon for its ruling, the appellate court will affirm the summary judgment if any of the grounds advanced in the motion are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We have already addressed the merits of Dish's challenges to the trial court's summary judgment on Dish's claims under section 25.25 and concluded summary judgment was proper on Dish's claims. Thus, we need not address whether Dish was somehow precluded from raising its claims under section 25.25. *See id.* We overrule Dish's third issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

150800F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DISH NETWORK CORPORATION AND
BLOCKBUSTER, LLC, A WHOLLY
OWNED SUBSIDIARY OF DISH
NETWORK CORPORATION, Appellant

No. 05-15-00800-CV     V.

COLLIN CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-03370-2012.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee COLLIN CENTRAL APPRAISAL DISTRICT recover its
costs of this appeal from appellant DISH NETWORK CORPORATION AND
BLOCKBUSTER, LLC, A WHOLLY OWNED SUBSIDIARY OF DISH NETWORK
CORPORATION.

Judgment entered April 27, 2017.