### HARRIS COUNTY APPRAISAL DISTRICT, Appellant,

v.

### TEXAS EASTERN TRANSMISSION CORPORATION, Appellee.

No. 14–02–00445–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 2003.

Kenneth Wall, Houston, for appellant.

David J. Kaplan, Addison, for appellee.

Panel consists of Chief Justice BRISTER, Justices EDELMAN and SEYMORE.

### OPINION

CHARLES W. SEYMORE, Justice.

The Harris County Appraisal District ("District") appeals the trial court's decision to grant interstate allocation of property tax on aircraft owned by appellee, Texas Eastern Transmission Corporation ("TETC"). We conclude that the appraisal rolls should not have been changed and that full market value of the aircraft should be listed on the appraisal rolls. Accordingly, we reverse the judgment of the trial court.

---

## BACKGROUND

TETC owns the two business aircraft in question—a BAE 330X and a Gulfstream 179T. Although TETC registered them at Hobby Airport in Houston, Texas, the aircraft have flown to and from many different states through the years.[1] Both aircraft were normally returned to Texas for repair, storage, inspection, maintenance, and service. From 1995 through 1998, TETC submitted appraisal values of the aircraft for ad valorem tax purposes. In those years, the District listed the aircraft on the appraisal rolls at 100% of their market value. During those years, TETC was entitled to allocate the fair market value of, and thus the tax liability for, the aircraft between the various states from which they departed. See TEX. TAX CODE ANN. § 21.03 (Vernon 2001).[2] However, in that time, TETC did not request an allocation and did not protest the District's failure to allocate the market value of the aircraft.

Finally realizing that it could have allocated the value of the aircraft, in 2000, TETC sought to correct the 1995 to 1998 appraisal rolls pursuant to section 25.25(c)(3) of the Texas Tax Code. TETC wanted the appraisal rolls to reflect tax liability only for the time each aircraft was located in Texas. However, the District rejected TETC's request. TETC then filed suit in district court, seeking such an allocation for 1995 to 1997.[3] The parties stipulated to a statement of facts, and the flight logs of each aircraft were included in the record. Neither side disputed each aircraft's interstate flights. The trial court determined that during the tax period, the aircraft were used both in Texas and out-of-state and ordered corresponding adjustments to the appraisal rolls.[4]

## DISCUSSION

The District raises two issues. First, it claims TETC failed to produce sufficient information to support an allocation. Second, the District contends that Tax Code section 25.25(c)(3) is not applicable under the stipulated facts. We will not address the first issue because our holding on the second issue is dispositive of the entire case.

There is no dispute that an owner of a business aircraft used in Texas only part of the time is entitled to receive an interstate allocation. See TEX. TAX CODE ANN. § 21.03 (personal property used continual-

---

1. For the BAE 330's departures in 1995, 96 of 177 were from non-Texas locations. In 1996, 108 of 208 departures were out-of-state. TETC did not own the BAE 330 in 1997. For the Gulfstream, 82 of 134 departures in 1995 were from non-Texas locations. In 1996, 65 of 122 departures were out-of-state. And in 1997, of 101 departures, 51 were out-of-state.

2. The validity of section 21.03 was in doubt in the tax years 1995 through 1997 because it had been declared unconstitutional in *Aransas County Appraisal Review Bd. v. Tex. Gulf Shrimp Co.*, 707 S.W.2d 186, 192 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.). In 1998, the Texas Supreme Court expressly disapproved the constitutional analysis of this case in *Appraisal Review Bd. of Galveston County v. Tex–Air Helicopters, Inc.*, 970

S.W.2d 530, 534 (Tex.1998) (overruling constitutional challenge to Tax Code section 21.05, which is identical to section 21.03 on the principle of interstate allocation). See *Kellair Aviation Co. v. Travis Central Appraisal Dist.*, 99 S.W.3d 704, 705, n. 3 (Tex.App.-Austin 2003, no pet. h.).

3. Earlier, the District and TETC reached an agreement about the 1998 appraisal roll value.

4. Under current law, to determine the appropriate tax allocation for an interstate business aircraft, the full, fair market value of the aircraft is multiplied by a fraction. The numerator of the fraction is the number of departures from Texas, and the denominator is the total number of departures. TEX. TAX CODE ANN. § 21.055 (Vernon 2001).

ly outside of state); *see also Fairchild Aircraft, Inc. v. Bexar Appraisal Dist.*, 47 S.W.3d 577, 583 (Tex.App.-San Antonio 2001, no pet.) (commercial aircraft); TEX. TAX CODE ANN. § 21.055 (business aircraft, effective after tax years in question in this case). Accordingly, we must determine which section of the Tax Code governs TETC's request for allocation. Clearly, an owner may protest a property valuation before June 1 of the applicable tax year or within thirty days after the owner receives notice of the appraised value. *See* TEX. TAX CODE ANN. § 41.44(a)(1) (Vernon 2001). Further, the owner may appeal the District's determination of the protest within forty-five days after receiving the final order. *See* TEX. TAX CODE ANN. § 42.21(a) (Vernon 2001). In short, a remedy is available for a taxpayer to receive an allocation, if the request is timely filed. *See* TEX. TAX CODE ANN. §§ 41.01–41.71 (Vernon 2001).

However, some taxpayers, as in this case, file a protest under section 25.25 after failing to seek an allocation during the applicable tax year. Section 25.25 provides, in part:

(a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.

. . . .

(c) The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal role for any of the five preceding years to correct:

. . . .

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

TEX. TAX CODE ANN. § 25.25 (Vernon 2001).

The Texas Supreme Court has not decided whether section 25.25(c)(3) permits an allocation when property is used both in Texas and in other states during a tax year. However, several appellate courts have addressed this issue, and every court but one has reached the same conclusion—a taxpayer may not obtain an allocation under section 25.25(c)(3). *See A & S Air Serv., Inc. v. Denton Central Appraisal Dist.*, 99 S.W.3d 340 (Tex.App.-Fort Worth 2003, no pet. h.); *Kellair Aviation Co.*, 99 S.W.3d 705, 708; *Curtis C. Gunn, Inc. v. Bexar County Appraisal Dist.*, 71 S.W.3d 425, 429 (Tex.App.-San Antonio 2002, pet. denied); *Aramco Associated Co. v. Harris County Appraisal Dist.*, 33 S.W.3d 361, 365 (Tex.App.-Texarkana 2000, pet. denied); *see, e.g., Corsicana Co. v. Dallas Central Appraisal Dist.*, No. 05–01–00759–CV, 2002 WL 244326, at *2 (Tex.App.-Dallas Feb.21, 2002, no pet.) (not designated for publication). Only the First Court of Appeals has interpreted section 25.25(c)(3) to permit an interstate allocation. *See Himont U.S.A., Inc. v. Harris County Appraisal Dist.*, 904 S.W.2d 740 (Tex.App.-Houston [1st Dist.] 1995, no writ). The court interpreted section 25.25(c)(3) broadly, holding that "[l]ocation or situs for ad valorem tax purposes is determined by whether the taxing state has a sufficient nexus with the personal property sought to be taxed to justify the tax." *Id.* at 743. The court construed "location" to include tax situs, rather than physical location, and allowed this term to justify an interstate allocation. *See id.*

Our sister courts have concluded that the First Court of Appeals went too far in its interpretation of "location." *See Kellair*, 99 S.W.3d at 707; *Curtis C. Gunn, Inc.*, 71 S.W.3d at 429; *Aramco*, 33 S.W.3d at 365. These courts determined that a correction under section 25.25(c)(3) is allowed only when "*no property* exists in the form or at the location described in the appraisal roll." *Aramco*, 33 S.W.3d at 365 (emphasis added). Such a reading is more

consistent with the purpose of the statute to correct clerical or "factual errors that would cause the payment of taxes based on uncorrected records to be fundamentally unfair." *Kellair,* 99 S.W.3d at 706–07. If no property exists at the location described, a correction of the appraisal roll is required. *See Curtis C. Gunn, Inc.,* 71 S.W.3d at 428. Section 25.25(c)(3) does not authorize an allocation just because the property exists at the location for a shorter amount of time than described on the appraisal roll. In order to receive a section 25.25(c)(3) correction, the appraisal roll must erroneously reflect "that a particular form of property exists at a specified location and, in fact, no such property exists at that location." *Titanium Metals v. Dallas County Appraisal Dist.,* 3 S.W.3d 63, 66 (Tex.App.-Dallas 1999, no pet.).

We agree with the courts' reasoning in *Aramco, Curtis C. Gunn, Inc., Kellair Aviation,* and *A & S Air Service.* Section 25.25(c)(3) does not provide a means to allocate the appraised value of a business aircraft. Here, TETC stipulated that its aircraft returned to Texas for repair and maintenance. Further, almost half of all departures occurred in Texas. Thus, the aircraft existed or were located in Texas during the tax period in question. Further, TETC missed the deadline to challenge the property valuation under chapter 41 of the Tax Code. Because TETC may not invoke section 25.25(c)(3) for an untimely allocation, the trial court erred in ordering changes to the tax rolls for 1995 through 1997. Accordingly, we reverse and render judgment that the tax rolls for

the years 1995, 1996, and 1997 reflect the full market value of the aircraft.[5]

---

**5.** In 1995, the BAE 330X had a full market value of $6,938,090. In 1996, it had a full market value of $5,238,000. In 1995, the Gulfstream 179T had a full market value of $3,664,910. In 1996, it had a full market value of $2,779,000. And in 1997, it had a market value of $3,055,000.