Reversed and Rendered and Opinion filed July 3, 2003









Reversed and Rendered and Opinion filed July 3, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01288-CV

____________

 

HARRIS COUNTY APPRAISAL DISTRICT and 

HARRIS
COUNTY APPRAISAL REVIEW BOARD, Appellants

 

V.

 

LIAMAJ AVIATION, INC., Appellee

 



 

On
Appeal from the 334th District Court

Harris County, Texas

Trial
Court Cause No. 00-41366

 



 

M
E M O R A N D U M   O P I N I O N

The Harris County Appraisal District and the Harris County
Appraisal Review Board appeal the trial court's decision to grant interstate
allocation of property tax on an aircraft owned by appellee,
Liamaj Aviation, Inc. 
We reverse and render.








During tax year 1995, appellee
owned a 1988 Gulfstream G-IV private passenger
aircraft used for business purposes for which it leased hangar space at George
Bush Intercontinental Airport in Houston. 
The Harris County Appraisal District appraised the aircraft for ad valorem taxes.  Appellee filed a rendition for the aircraft, but did not
request that the value of the property be allocated, i.e., apportioned
based on its usage in different taxing jurisdictions.  Within the time period under the statute, appellee filed a motion to correct the appraisal rolls for
tax year 1995 to allocate the value of the aircraft.  See Tex.
Tax Code Ann. ' 25.25(c)(3) (authorizing review board to change appraisal
roll to correct Athe inclusion of property that does not exist in the form or
at the location described in the appraisal roll@). 
The Harris County Appraisal Review Board denied the motion by order
dated June 29, 2000.  Appellee
then brought this lawsuit in district court to appeal the board=s order.  On September 3, 2002, the trial court signed
a final judgment granting the allocation, and this appeal followed.

The issue in this appeal is controlled by this Court=s recent decision in Harris County
Appraisal District v. Texas Eastern Transmission Corporation, 99 S.W.3d 849
(Tex. App.CHouston [14th Dist.] 2003, pet.
filed).[1]  We held that Asection 25.25(c)(3) does not provide
a means to allocate the appraised value of a business aircraft.@ 
Id. at 852.  Thus, we again
must conclude the trial court erred in ordering changes to the tax roll.

Accordingly, we reverse the judgment of the trial court,
render judgment that appellee take nothing, and order
that the tax roll for the year 1995 reflect the full value of the 1988 Gulfstream G-IV as established by the Harris County Appraisal
District.

 

PER CURIAM

 

Judgment rendered and Opinion
filed July 3, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

 











[1]   In addition
to our case, this issue is presently before the Texas Supreme Court in at least
one other case, Keller Aviation Co. v. Travis Cent. App. Dist., 99
S.W.3d 704 (Tex. App.CAustin 2003, pet. filed).  This Court denied appellee=s motion to abate this appeal until the Texas Supreme
Court has ruled.