**STURGIS AIR ONE, L.L.C., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 14–09–00891–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 24, 2011.

Jayash M. Chadha, Andrius R. Kontrimas, Stephen A. Kuntz, Houston, for Appellant.

Mario L. Dell'Osso, Houston, for Appellee.

Panel consists of Chief Justice HEDGES and Justices SEYMORE and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

Sturgis Air One, L.L.C. ("Sturgis") challenges the district court's ruling denying its motion for summary judgment and granting the cross-motion for summary judgment of the Harris County Appraisal District ("HCAD"). At issue is the final property tax assessment of Sturgis's privately owned jet.

On appeal, we examine section 21.055 of the Texas Tax Code, a provision that establishes a tax entitlement for aircraft moving in interstate commerce. Section 21.055 states the following:

> If an aircraft is used for a business purpose of the owner, is taxable by a taxing unit, and is used continually outside this state, whether regularly or irregularly, the appraisal office shall allocate to this state the portion of the fair market value of the aircraft that fairly reflects its use in this state. The appraisal office shall not allocate to this state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of this state.

Tex. Tax Code Ann. § 21.055(a) (West 2008). The entitlement is known as "interstate allocation," and its calculation is prescribed by the following formula:

> The allocable portion of the total fair market value of an aircraft described by Subsection (a) is presumed to be the fair market value of the aircraft multiplied by a fraction, the numerator of which is the number of departures by the aircraft from a location in this state during the year preceding the tax year and the denominator of which is the total number of departures by the aircraft from all locations during the year preceding the tax year.

*Id.* § 21.055(b).

We must determine whether the right provided by Section 21.055 was waived when Sturgis failed to timely report (or "render") its aircraft to the taxing authority. If the right was not so waived, we must also decide whether Sturgis provided enough information at the time of rendition to prove its entitlement to interstate allocation. Reaching only the first question, we hold that Sturgis waived its right to interstate allocation by failing to render the aircraft by the statutory deadline. We therefore affirm.

## FACTS

Sturgis is a transportation company duly formed under the laws of the U.S. Virgin

Islands. Its principal place of business is in Christiansted on the island of St. Croix. Since 2003, Sturgis has leased a 1991 Cessna 560 to Allied Home Mortgage Capital Corporation, a Texas corporation with hundreds of offices throughout the United States. Jim Hodge, the president of Allied Home, also serves as the manager of Sturgis, and he uses the aircraft to travel between his various offices nationwide. When not in service, the aircraft is frequently hangared at Hooks Airport in northwest Harris County, just outside Hodge's residence in Spring. Investigators with HCAD discovered the aircraft hangared there in August 2006.

Before 2006, Sturgis had never rendered the aircraft for property tax purposes to any taxing authority, foreign or domestic. HCAD believed it may have the jurisdiction to tax the aircraft and wrote to Sturgis requesting information for determining its taxable situs. The letter was addressed to Sturgis's office in the Virgin Islands and stated that HCAD may assess back taxes on the aircraft for tax years 2005 and 2006. *See id.* § 25.21 (directing appraisals for the two preceding years on personal property omitted from the tax rolls). Sturgis never responded to the letter, and in September 2006, HCAD sent a Notice of Appraised Value, appraising the aircraft at $3,101,000. Included with the notice was an estimate of Sturgis's tax liability for tax year 2006, which projected a final tax based on the aircraft's fully appraised market value.

In October 2006, before a final tax was assessed, Sturgis officially rendered the aircraft for tax year 2006. The rendition for tax year 2005 followed in November 2006. For each tax year, Sturgis used a standardized rendition form that allows a taxpayer to request interstate allocation. To complete the request for a business aircraft, the property owner must report the number of revenue departures the aircraft made from Texas, as well as the total number of departures made during the tax year.

For tax year 2005, Sturgis reported that the aircraft departed from Texas 70 times, with 149 total departures for the year. For tax year 2006, Sturgis reported 30 departures from Texas out of a total of 87 for the year. As a supplement, Sturgis also submitted a flight log for tax year 2006, summarizing the dates and locations of each departure. Based on these figures, Sturgis sought to apportion its final tax in Texas to roughly 47% of the aircraft's actual value for 2005, and 35% of its value for 2006.

HCAD ultimately refused the apportionment request, assessing a final tax at the aircraft's full market value instead. Because Sturgis rendered the aircraft after the April 15 deadline for each tax year, HCAD also assessed a statutory penalty amounting to ten percent of the taxes imposed on the property. *See id.* §§ 22.23, 22.28. After unsuccessfully protesting the final assessment in administrative proceedings, Sturgis filed suit for judicial review in the district court, where both parties moved for summary judgment. *See id.* § 42.01.

In its motion for summary judgment, Sturgis asserted that it was entitled to interstate allocation because it complied with all statutes and regulations, notwithstanding the untimely rendition. HCAD filed a combined traditional and no-evidence motion for summary judgment. In its traditional motion, HCAD claimed that Sturgis was not entitled to interstate allocation because it rendered the aircraft after the statutory deadline, thereby waiving the entitlement as a matter of law. In its no-evidence motion, HCAD asserted that Sturgis failed to submit any evidence that the aircraft had acquired a taxable situs

outside of Texas. The district court denied Sturgis's motion and granted HCAD's cross-motion in its entirety. Sturgis now appeals to us.

## STANDARD OF REVIEW

We review the district court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). A traditional motion for summary judgment is properly granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A no-evidence motion for summary judgment is improperly granted if the respondent presents more than a scintilla of probative evidence to raise a genuine issue of material fact. Tex.R. Civ. P. 166a(i); *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005). We review the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

When both parties move for summary judgment and the district court grants one motion and denies the other, we must consider all of the summary judgment evidence produced and determine all questions presented. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). If we conclude that the district court erred, we must render the judgment the district court should have rendered. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000).

Because the district court did not specify the basis for its grant of summary judgment, we must affirm the summary judgment if any of the theories presented below and preserved for appellate review is meritorious. *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex.2005).

## INTERSTATE ALLOCATION

■ We begin by reviewing HCAD's cross-motion for summary judgment. HCAD first argues in its cross-motion that an untimely rendition waives the right to interstate allocation as a matter of law.

Section 21.055 does not expressly condition the entitlement on the timeliness of the rendition. In fact, the Tax Code fails to enumerate any circumstances in which a taxpayer is deemed to have waived the right to interstate allocation.

■ We recognize, however, that the entitlement is not automatic in all cases. Taxpayers must affirmatively seek interstate allocation, and waiver can be implied in certain situations, such as when a taxpayer "fails to follow the implementing legislation." *Aramco Associated Co. v. Harris Cnty. Appraisal Dist.,* 33 S.W.3d 361, 364 (Tex.App.-Texarkana 2000, pet. denied).

The leading case of implied waiver is *Harris County Appraisal District v. Texas Gas Transmission Co.,* 105 S.W.3d 88 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (en banc). In *Texas Gas,* the First Court of Appeals examined whether a taxpayer could seek an allocation entitlement several years after its business aircraft had already been rendered for taxation. *Id.* at 91–92. Although Section 21.055 does not expressly require taxpayers to supply allocation information at the time of rendition, the court determined the requirement was necessarily implied. *Id.* at 92.

The First Court's interpretation was based in part on the manner in which administrative duties are structured in the Tax Code. The chief appraiser has the primary duty of calculating the value of each allocation entitlement, a duty that cannot be performed unless the taxpayer

provides the information required by the statutory formula. *See* 34 Tex. Admin. Code § 9.4033(e) (2010) ("A property owner who is entitled to an allocation of property must file a rendition form that provides enough information necessary to prove the entitlement to allocation and permit the chief appraiser to apply an allocation formula appropriate to the subject property."). Among other responsibilities, the chief appraiser also has the duty of preparing completed appraisal records by May 15, one month after the taxpayers' rendition deadline. Tex. Tax Code Ann. § 25.01(a); *see also Tex. Gas,* 105 S.W.3d at 93–94 (describing the chief appraiser's additional duties). The court reasoned that taxpayers must accordingly submit their allocation information at the time of rendition, otherwise untimely supplements to the rendition form would prevent the chief appraiser from performing his remaining duties in the manner intended by the legislature. *See Tex. Gas,* 105 S.W.3d at 93–94 ("These calculations must generally be done within the time required for the chief appraiser to prepare the appraisal records.... The chief appraiser cannot *timely* make these calculations unless supporting information is submitted along with the rendition." (emphasis added)).

The reasoning in *Texas Gas* has since been applied in two additional cases concerning interstate allocation. In *SLW Aviation, Inc. v. Harris County Appraisal District,* a companion case to *Texas Gas,* the First Court of Appeals examined a parallel provision in the Tax Code involving the interstate allocation for a commercial aircraft. 105 S.W.3d 99, 103 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (citing Tex. Tax Code Ann. § 21.05). The court likewise held that a taxpayer who timely rendered had waived the entitlement because the taxpayer did not submit its allocation request contemporaneously with the rendition. *Id.* at 101, 103.

More recently, in *Starflight 50, L.L.C. v. Harris County Appraisal District,* the First Court of Appeals considered whether a taxpayer could claim an allocation entitlement despite a delinquent rendition. 287 S.W.3d 741, 744 (Tex.App.-Houston [1st Dist.] 2009, no pet.). Unlike Sturgis, however, the delinquent taxpayer in *Starflight* submitted its allocation information apart from its rendition statement. *Id.* at 749. Thus, for the same reasons articulated in *Texas Gas,* the court held that the taxpayer had waived its right to interstate allocation. *See id.* ("Under *Aramco* and *Texas Gas,* it is not Starflight's failure to render which waived any interstate allocation. Instead, it was Starflight's failure to file any allocation information contemporaneously with a rendition statement which precluded its argument for allocation in the trial court.").

The current dispute with Sturgis involves a question not directly addressed by *Texas Gas* or *Starflight:* whether the taxpayer waives the right to interstate allocation when the allocation request is submitted contemporaneously with an untimely rendition. We hold that the right is waived because the overriding concern for timeliness that echoes in *Texas Gas* also resonates in this case.

The Tax Code is a "pervasive regulatory scheme," replete with timetables for the administrative bodies who oversee the tax process. *Id.* at 745. Many of those timetables require successive examination of the appraisal records. For example, "[b]y May 15 or as soon thereafter as practicable," the chief appraiser must submit completed appraisal records to the appraisal review board. Tex. Tax Code Ann. § 25.22(a). By July 20, the appraisal review board must hear all protests to these assessments and approve any changes to the appraisal records. *Id.* § 41.12(a). By

July 25, the chief appraiser must then certify the appraisal records for each taxing unit within his district. *Id.* § 26.01(a).

Consistent with the reasoning in *Texas Gas*, these timetables imply that rendition statements must be submitted timely in order for the tax process to function as the legislature intended. Delinquent renditions undermine the chief appraiser's duty to prepare completed appraisal records, which accordingly burdens every other statutory responsibility requiring examination of the appraisal records. By necessity, delinquency also impedes decision-making at the local level, where taxing units depend upon the timely administration of the tax process when they set their own budgets. *See WB Summit Props., Inc. v. Midland Cent. Appraisal Dist.*, 122 S.W.3d 374, 376 (Tex.App.-El Paso 2003, pet. denied.); *Aramco*, 33 S.W.3d at 364 n. 2. For these reasons, the legislature clearly intended for these deadlines to be strictly respected. *See* Tex. Tax Code Ann. § 43.04 (authorizing a taxing unit to sue the chief appraiser or the appraisal review board for failure to comply with the deadlines). We find wholly inconsistent with that intent an interpretation of Section 21.055 that requires an appraisal district to honor a request for interstate allocation when the taxpayer renders the property without regard to the statutory timetables.

Sturgis contends, however, that permitting the entitlement would not be contrary to legislative intent because the Tax Code already contains a penalty provision for delinquent taxpayers. Under Section 22.28, "the chief appraiser shall impose a penalty on a person who fails to timely file a rendition statement or property report required by this chapter in an amount equal to 10 percent of the total amount of taxes imposed on the property for that year." *Id.* § 22.28(a). Because the Tax Code provides an express penalty for delinquent renditions, Sturgis insists that the ten percent penalty was meant to be exclusive of all others, thereby foreclosing an interpretation of implied waiver. We disagree because Sturgis improperly conflates the concepts of rendition and allocation.

Rendition and allocation involve separate provisions of the Tax Code and are designed to achieve different objectives. Rendition is the reporting of taxable property by the owner to the appraiser. *Starflight*, 287 S.W.3d at 748. The statutory rendition requirement exists under Section 22.01 to facilitate the listing, appraisal, and taxation of property. Allocation, on the other hand, is an entitlement benefitting the taxpayer. *Id.* at 749. It involves determining the ratio of usage of personal property within each taxable situs when the property has become subject to taxation in more than one jurisdiction. *Id.* Thus, the owner of an aircraft used for business purposes may seek a reduction in the total amount of taxes owed by establishing that another state or jurisdiction has acquired the right to tax the same aircraft. *Id.*

Rendition and allocation also carry separate consequences upon delinquency. An untimely rendition results in the ten percent penalty mandated by Section 22.28. By contrast, an untimely allocation request results in the taxpayer's waiver of interstate allocation. *See Starflight*, 287 S.W.3d at 749–50; *Tex. Gas*, 105 S.W.3d at 94. We reject any suggestion that *Starflight* or Section 22.28 may implicitly allow a taxpayer to enjoy the right to interstate allocation if a delinquent rendition is still accompanied by a contemporaneous request for allocation. If the rendition is untimely, then by necessity, the allocation request is likewise untimely for the same reasons we have already articulated re-

garding the importance of timeliness to the Tax Code's overall regulatory scheme.

■ Therefore, we do not interpret Section 22.28 to preclude a reading of implied waiver in Section 21.055. To hold otherwise would require the unreasonable inference that the legislature intended for a taxpayer who untimely renders to have a superior right to interstate allocation than a taxpayer who timely renders and simply neglects to request the entitlement contemporaneously. Such an interpretation would not only violate our presumption that statutes are enacted to favor the public interest over any private interest. Tex. Gov't Code Ann. § 311.021(5) (West 2005). It would also contravene our cardinal rule that tax exemptions, and provisions tantamount to tax exemptions, must be strictly construed against the taxpayer and in favor of the taxing authority. *Tex. Utils. Elec. Co. v. Sharp,* 962 S.W.2d 723, 726 (Tex.App.-Austin 1998, pet. denied); *see Bullock v. Nat'l Bancshares Corp.,* 584 S.W.2d 268, 271–72 (Tex.1979).

■ Section 22.28 was plainly enacted "[i]n an effort to encourage timely filings." *Starflight,* 287 S.W.3d at 748. The remainder of the Tax Code contemplates that timely renditions are necessary to administering the tax process in the manner intended by the legislature. We therefore hold that Section 21.055 implicitly provides that taxpayers must timely render their aircraft before they may receive an allocation entitlement. Sturgis rendered its property after the statutory deadline for tax years 2005 and 2006, and accordingly waived its right to interstate allocation. On this first point, HCAD was entitled to summary judgment as a matter of law. We need not consider the issue raised in HCAD's no-evidence motion for summary judgment.

## CONCLUSION

The judgment of the district court is affirmed.