

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00024-CV

_____

HUNT COUNTY APPRAISAL DISTRICT, Appellant

V.

HORIZONS AHEAD, LLC, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 79223

Before Morriss, C.J., Moseley and Carter, **JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

When Horizons Ahead, LLC (Horizons), rendered to the Hunt County Appraisal District (HCAD) its 1987 Hawker 800A aircraft, it failed to provide, at that time, information by which the value of the aircraft could be allocated among the states in which the aircraft has a taxable situs. HCAD thus taxed the aircraft at its full, $1,100,000.00 value, rather than the allocated $144,262.30 value, which was determined by comparing out-of-state departures with in-state departures. This dispute arose as a result and produced cross-motions for summary judgment filed by Horizons and HCAD regarding the proper assessed value of the aircraft.

After hearing the cross-motions for summary judgment, the trial court entered separate orders denying HCAD's motion for summary judgment and granting summary judgment in favor of Horizons.[1] We reverse the judgment of the trial court because, although (1) the trial court had jurisdiction to hear Horizons' complaint, (2) failing to file allocation information at the time of rendition forfeited the right to interstate allocation, and (3) Horizons was not entitled to recover attorney fees.

---

[1]Pursuant to a contract with Paris Junior College, Horizons began housing its aircraft at hanger facilities located in Greenville, Texas, on November 1, 2011.

The facts are relatively straightforward.  On April 16, 2012, Horizons filed a Business Personal Property Rendition form covering the aircraft, listing a good-faith estimate of the aircraft's market value as $1,100,000.00.  The rendition did not, however, include information to support the determination of allocation provided by Section 21.055 of the Texas Tax Code.  *See* TEX. TAX CODE ANN. § 21.055 (West 2008).[2]  On or about July 23, 2012, Horizons received a 2012 Notice of Appraised Value (Notice) from HCAD appraising the aircraft at a value of $1,100,000.00.[3]  In a letter to HCAD dated August 2, 2012, Jean Voltz, project facilitator for Horizons, advised HCAD that Horizons received the Notice "last week," thus making it impossible to file a protest by the June 25, 2012, deadline.  The letter also questioned the method of allocation and asked when allocation information should be submitted.[4]  Horizons characterized this letter as "notice of its dispute of the appraised value of the Aircraft based on

---

[2]Section 21.055 of the Texas Tax Code provides,

> (a)    If an aircraft is used for a business purpose of the owner, is taxable by a taxing unit, and is used continually outside this state, whether regularly or irregularly, the appraisal office shall allocate to this state the portion of the fair market value of the aircraft that fairly reflects its use in this state.  The appraisal office shall not allocate to this state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of this state.
>
> (b)    The allocable portion of the total fair market value of an aircraft described by Subsection (a) is presumed to be the fair market value of the aircraft multiplied by a fraction, the numerator of which is the number of departures by the aircraft from a location in this state during the year preceding the tax year and the denominator of which is the total number of departures by the aircraft from all locations during the year preceding the tax year.

TEX. TAX CODE ANN. § 21.055(a), (b).

[3]The Notice is dated May 25, 2012, and lists a deadline for filing a protest as June 25, 2012.

[4]The letter asked, "Are we taxed on the number of times the aircraft leaves from the City of Greenville airport versus the total flights made in a year?  If so, when do we submit the total number of flights and the flights from the Greenville airport?"  "'Allocating' is determining the ratio of usage of personal property within each taxable situs when the property has more than one taxable situs."  *Starflight 50, L.L.C. v. Harris Cnty. Appraisal Dist.*, 287 S.W.3d 741, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Harris Cnty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 91 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

3

the lack of an allocation of a portion of the Aircraft's value to states other than Texas." To protect its rights, Horizons thereafter tendered payment of all taxes due relative to the aircraft.

On December 14, 2012, Voltz wrote a second letter to HCAD enclosing a copy of the Hawker aircraft flight log and a "Motion To Correct One-Third Over-Appraisal Error."[5] The flight log showed that the aircraft made a total of sixty-one departures during the 2011 calendar year, only eight of which were made from Texas.[6] HCAD characterized this letter and enclosures as a "protest with the District under section 25.25(d)" and claims, "No protest other than a section 25.25(d) protest was ever filed."

The Hunt County Appraisal Review Board afforded Horizons a formal protest hearing February 21, 2013. The Board determined that, due to Horizons' failure to include information to support the determination of allocation provided by Section 21.055 of the Texas Tax Code at the time of rendition,[7] it would disregard Horizons' protest and request for allocation. Accordingly, the Board issued its "Notice of Final Order and Order Determining Protest," ordering no change to the $1,100,000.00 appraised value of the aircraft. Horizons successfully appealed the Board's Order to the Hunt County District Court. The trial court's summary judgment is based on the following determinations:

> 1. The appraised value of the 1987 Raytheon Hawker 800A aircraft, listed on the Hunt County Appraisal District appraisal rolls as Personal Property ID 217018 (the "Aircraft"), according to the appraisal roll exceeds the appraised value

---

[5]This is a pre-printed, fill-in-the-blank, form motion. The letter indicates that it is "a copy of our rendition which you requested."

[6]Horizons claimed this reduced the appraised value of the property to $144,262.30, in reliance on Section 21.055.

[7]Rendition "is the reporting of taxable property by the owner to the appraiser." *Tex. Gas Transmission Corp.*, 105 S.W.3 at 91 n.1.

required by law, and Horizons Ahead, LLC is entitled to a reduction of the appraised value on the appraisal roll pursuant to *Texas Tax Code* § 42.25;

2. The Court, in accordance with the requirement of law pursuant to Texas Tax Code § 42.24(1), finds that the value of the Aircraft as it should appear on the Hunt County Appraisal District appraisal rolls for the tax year 2012 is $144,262.30;

3. The Hunt County Appraisal District shall revise its appraisal rolls to reflect the appraised value of the Aircraft as determined by this Court, and shall refund any payments made by Horizons Ahead, LLC based on the prior valuation of the Aircraft over and above the amount that would have been due had the appraisal rolls reflected the Aircraft's value at $144,262.30;

4. Horizons Ahead, LLC shall have and recover from the Hunt County Appraisal District all costs incurred in this appeal pursuant to *Texas Tax Code* § 42.07; and

5. Horizons Ahead, LLC is entitled to have and recover from the Hunt County Appraisal District reimbursement for reasonable attorney fees pursuant to *Texas Tax Code* § 42.29 in an amount of $25,090.36[.]

*(1)    The Trial Court Had Jurisdiction to Hear Horizons' Complaint*

HCAD contends, for the first time on appeal, that the trial court was without jurisdiction to decide Horizons' Section 42.25 protest. *See* TEX. TAX CODE ANN. § 42.25 (West 2008).[8] "Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). "Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review." *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). "When reviewing such an order, 'we consider the facts alleged by the plaintiff[s] and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.'"

---

[8]"If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court." TEX. TAX CODE ANN. § 42.25.

5

*Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007) (quoting

*Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

HCAD contends that, because Horizons filed a motion to correct with the ARB under

Section 25.25(d) of the Tax Code, the trial court's jurisdiction was limited to deciding the matter

pursuant to that section.[9]  *See* TEX. TAX CODE ANN. § 25.25(d) (West Supp. 2014).[10]  Because

---

[9]HCAD contends that the procedures set out in Chapters 41 and 42 of the Tax Code are the exclusive means by which a property owner may complain about a property appraisal, in reliance on *Department of Housing and Urban Development*, 875 S.W.2d 377, 379–80 (Tex. 1994).  Indeed, Section 42.09 of the Tax Code provides, in pertinent part, that the

> procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:  (1) in defense to a suit to enforce collection of delinquent taxes; or (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

TEX. TAX CODE ANN. § 42.09 (West 2008).  A property owner's right of appeal, however, is not limited to review of an appraisal review board order determining a protest filed pursuant to Section 41.41 of the Tax Code.  TEX. TAX. CODE ANN. § 41.41 (West 2008); *see* TEX. TAX CODE ANN. § 42.01(a)(1)(A) (West Supp. 2014).  A property owner is also entitled to appeal, among other things, "a determination of an appraisal review board on a motion filed under Section 25.25." TEX. TAX CODE ANN. § 42.01(a)(1)(B) (West Supp. 2014).

[10]This section provides,

> (d)    At any time prior to the date the taxes become delinquent, a property owner or the chief appraiser may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property.  However, the error may not be corrected unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value. If the appraisal roll is changed under this subsection, the property owner must pay to each affected taxing unit a late-correction penalty equal to 10 percent of the amount of taxes as calculated on the basis of the corrected appraised value. Payment of the late-correction penalty is secured by the lien that attaches to the property under Section 32.01 and is subject to enforced collection under Chapter 33. The roll may not be changed under this subsection if:
> (1)    the property was the subject of a protest brought by the property owner under Chapter 41, a hearing on the protest was conducted in which the property owner offered evidence or argument, and the appraisal review board made a determination of the protest on the merits; or
> (2)    the appraised value of the property was established as a result of a written agreement between the property owner or the owner's agent and the appraisal district.

TEX. TAX CODE ANN. § 25.25(d).

6

Horizons failed to "include any claim for relief under Section 25.25 in their petition" filed in the trial court, HCAD contends that the trial court was without jurisdiction to hear any claim it presented. Stated differently, HCAD alleges that Horizons did not assert a Section 25.25 claim in its petition—a claim over which the trial court would have had jurisdiction—and it did not exhaust its administrative remedies under Section 41.41 because it did not file a notice of protest. *See* TEX. TAX. CODE ANN. § 41.41. "In the Property Tax Code, the exhaustion of remedies provisions, found in section 42.09, are mandatory and jurisdictional." *Starflight 50, L.L.C.*, 287 S.W.3d at 745.

The trial court's jurisdiction to hear an appeal from an ARB order extends both to an ARB order determining a protest filed pursuant to Section 41.41 of the Tax Code, as well as "a determination of an appraisal review board on a motion filed under Section 25.25." *See* TEX. TAX CODE ANN. § 42.01(a)(1)(A), (B). In this case, however, the ARB order resulted from a determination of protest filed pursuant to Section 41.41 of the Tax Code.[11] The ARB order from which Horizons appealed specifically stated that "the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code: 01 (Value is over market value)." The order does not indicate that it was issued in determination of a motion filed pursuant to Section 25.25 of the Tax Code.

---

[11]The ARB evidently treated the August 2, 2012, letter written by Voltz on behalf of Horizons as a sufficient and timely notice of protest. *See* TEX. TAX CODE ANN. § 41.44(d) ("[N]otice of protest is sufficient if it identifies the protesting property owner[,] . . . identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office."); *Burnet Cnty. Appraisal Dist. v. J.M. Huber Corp.*, 808 S.W.2d 613, 615 (Tex. App.—Austin 1991, writ denied) ("[L]egislative history of the Code reveals the legislature's rejection of hypertechnical requirements for challenges to appraisal values.").

7

Because (1) Horizons filed its protest in accordance with the Tax Code, (2) the ARB conducted a hearing at which Horizons appeared and presented evidence on matters ultimately appealed to the district court,[12] and (3) the ARB issued its order determining protest, in which it specifically stated that Horizons' protest was based on Section 41.41 of the Tax Code, Horizons exhausted its administrative remedies and was entitled to seek judicial review of the ARB order. *See Starflight 50, L.L.C.*, 287 S.W.3d at 745.

In a variation of its jurisdictional argument, HCAD also contends that the trial court did not have authority to hear Horizons' claim for Section 42.25 relief because Horizons failed to timely file its protest.[13] The jurisdiction of the district court to hear Horizons' appeal from the ARB order is statutory. Section 42.21(a) requires an appealing party to file its "petition for review with the district court within 60 days after the party has received notice that a final order has been entered from which an appeal may be had, or at any time after the hearing but before the 60-day deadline." TEX. TAX CODE ANN. § 42.21(a) (West Supp. 2014). Moreover, the "failure to timely file a petition bars any appeal under this chapter." *Id.*; *see Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). The Board issued its order in determination of

---

[12]While a transcript of the ARB hearing is not in the record before this Court, the ARB order recited that "having heard the evidence and arguments from both sides[,] . . . the Appraisal Review Board . . . determined that "the appraisal records are correct and should not be changed" and that the Board-assigned market value of the Aircraft was $1,100,000.00. Additionally, Voltz testified by affidavit that she appeared before the ARB for the formal protest hearing, at which she "was informed that the case of *Harris County Appraisal District v. Texas Gas Transmission Corporation* permitted the [Board] to disregard Horizons' protest and request for an allocation based on Horizons' failure to include information to support the determination of the allocation provided by Section 21.055 of the Texas Tax Code at the time of rendition."

[13]The issue of whether a timely notice of protest was filed implicates the taxpayer's right to a hearing before the Board. *See* TEX. TAX CODE ANN. § 41.44(a)(2) (West Supp. 2014) (property owner initiating protest must file written notice of protest with appraisal review board not later than thirtieth day after date notice to property owner was delivered).

8

protest February 25, 2013. Horizons filed its original petition for review of the appraisal review board order April 1, 2013, well within the sixty-day time frame required to invoke the district court's jurisdiction.

Because Horizons exhausted its administrative remedies and because it timely filed its petition for review in the trial court, the trial court had jurisdiction to review the Board order.

*(2)     Failing to File Allocation Information at the Time of Rendition Forfeited the Right to Interstate Allocation*

"An appellate court reviews de novo the grant or denial of a motion for summary judgment." *In re Estate of Jones*, 422 S.W.3d 775, 778 (Tex. App.—Texarkana 2013, no pet.). "The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Where, as here, "both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented." *Id.* We therefore review the summary judgment evidence presented by both sides and, after determining all questions presented, render the judgment the trial court should have rendered. *See Nash v. Beckett*, 365 S.W.3d 131, 136 (Tex. App.—Texarkana 2012, pet. denied).

Horizons rendered the aircraft for taxation in April 2012.[14] *See* TEX. TAX CODE ANN. § 22.01 (West Supp. 2014) (rendition generally). The rendition failed to include information from which its value for interstate allocation purposes could be determined. *See* TEX. TAX CODE ANN. § 21.055. Instead, Horizons submitted its allocation information December 14, 2012.

---

[14]A rendition must be filed between January 1 and April 15. *See* TEX. TAX CODE ANN. § 22.23(a) (West 2008).

9

HCAD thus takes the position that Horizons waived its right to allocation because it failed to submit rendition information simultaneously with the filing of its rendition in April 2012.

In support of its waiver argument, HCAD relies on *Harris County Appraisal District v. Texas Gas Transmission Corp.*, 105 S.W.3d 88 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). In *Texas Gas Transmission Corp.*, the taxpayer failed to submit allocation information with its rendition from which the appraisal district could have determined (1) entitlement to allocation and, assuming such entitlement, (2) the aircraft's allocated value. *Id.* at 91. Texas Gas did not protest the aircraft's appraised value. *Id.* Four years later, Texas Gas Transmission Corp., sought to correct the appraisal rolls under Section 25.25(c)(3) of the Texas Tax Code to reflect interstate allocation. *Id.* The court held that "a taxpayer who seeks allocation must provide information showing entitlement to allocation at the time of rendition" in order "to comply with the plain language" of Sections 21.03(b) and 22.24(b) and (c) of the Texas Tax Code, as well as Section 9.4033(e), volume 34, of the Texas Administrative Code. *Id.* at 94; *see* TEX. TAX CODE ANN. § 21.03(b) (West 2008), § 22.24(b), (c) (West Supp. 2014); 34 TEX. ADMIN. CODE ANN. § 9.4033(e) (West 2013).

The court further noted that, as recognized in *Curtis C. Gunn, Inc. v. Bexar County Appraisal District*, 71 S.W.3d 425, 429 (Tex. App.—San Antonio 2002, pet. denied), "the Legislature [has] provided two specific procedures under Tax Code sections 41.41 and 25.25(d), each with specific restrictions, to challenge appraised values on appraisal rolls." *Id.* at 96 (citing *Gunn*, 71 S.W.3d at 427). Section 25.25(c)(3) of the Tax Code—entitled "Correction of Appraisal Roll"—does not, however, "permit a change in the appraisal roll for interstate

10

allocation." *Id*. at 99. Stated differently, Section 25.25(c)(3)[15] proceedings cannot be used to seek interstate allocation. Because Texas Gas failed to file allocation information simultaneously with its rendition and relied on Section 25.25(c)(3) to seek allocation, its allocation claim failed.

Here, unlike in *Texas Gas Transmission Corp.*, Horizons' protested the appraised value of its aircraft, that protest was heard by the ARB, and the ARB issued an order determining protest based on Section 41.41 of the Texas Tax Code. HCAD nevertheless contends that because Horizons failed to file allocation information simultaneously with its rendition in April 2012, it waived any right it may have had to allocation of the taxable value of its aircraft.

While *Texas Gas Transmission Corp.* involved a Section 25.25(c)(3) correction of appraisal roll claim, *Starflight 50, L.L.C.*, involved an allocation waiver in which a taxpayer protest of assessed value was filed. In that case, Starflight's aircraft was not rendered after having been placed on the 2006 tax appraisal roll for Harris County. *Starflight 50, L.L.C.*, 287 S.W.3d at 744. Starflight eventually submitted allocation information in the absence of a rendition. *Id*. at 749. Noting that "even a constitutional entitlement to allocation can be waived when a party fails to follow the implementing legislation," the court concluded that Starflight waived its right to allocation. *Id*. at 749–50 (citing *Aramco Associated Co. v. Harris Cnty. Appraisal Dist.*, 33 S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied) (constitutional entitlement can be waived when party fails to follow implementing legislation)); *see Sturgis Air*

---

[15]This particular subsection permits "changes in the appraisal roll for any of the five preceding years to correct . . . the inclusion of property that does not exist in the form or at the location described in the appraisal roll." TEX. TAX CODE ANN. § 25.25(c)(3) (West Supp. 2014).

11

*One, L.L.C. v. Harris Cnty. Appraisal District*, 351 S.W.3d 381, 387 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (untimely allocation request results in taxpayer's waiver of interstate allocation). The court explained, "Under . . . *Texas Gas*, it is not Starflight's failure to render which waived any interstate allocation. Instead, it was Starflight's failure to file any allocation information contemporaneously with a rendition statement which precluded its argument for allocation in the trial court." *Starflight 50, L.L.C.*, 287 S.W.3d at 749.

Horizons disputes HCAD's assertion that it waived its right to allocation of the fair market value of its aircraft. It claims that, because it timely rendered the aircraft and likewise disputed the appraised value of the aircraft based on its right to allocation, it did not waive the right to allocation. Horizons attempts to distinguish *Starflight 50, L.L.C.* because, in that case, the taxpayer (1) did not file a rendition for its aircraft, and (2) did not raise the issue of allocation until it appealed the ruling of the appraisal review board to the district court. These considerations were taken into account by the appellate court. While the court upheld the trial courts' finding that Starflight did not render its aircraft, it also recognized that, even if a letter penned by Starflight was considered a "late filed rendition" letter, the fact remained that Starflight did not submit any allocation information with the letter. *Id.* at 748–49. Moreover, the fact that Starflight submitted allocation information to the appraisal review board when it filed its appeal of the ARB order was of no consequence, because "such submission was not filed with rendition and came too late." *Id.* at 750.

Horizons further contends that *Sturgis* is not controlling here because, although the property was rendered for two different tax years, those renditions were six months late in one

instance and over a year and a half late in the second instance. The renditions, although late, did include information showing an entitlement to allocation. *Sturgis*, 351 S.W.3d at 385–87. Here, the rendition was timely filed, but the information showing entitlement to allocation was late. Horizons contends that, because it timely rendered the aircraft and raised its entitlement to interstate allocation in its protest filed with HCAD and before the ARB, it has not waived its entitlement to allocation.

In support of this assertion, Horizons relies on *Harris County Appraisal District v. Texas Eastern Transmission Corp.*, 99 S.W.3d 849 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In *Texas Eastern Transmission Corp.*, after having missed the deadline to challenge the valuation of its aircraft under Section 41 of the Tax Code, the taxpayer attempted to correct the appraisal roll under Section 25.25(c)(3) to reflect interstate allocation. *Id*. at 852. In holding that the taxpayer could not "invoke section 25.25(c)(3) for an untimely allocation," the court commented that "a remedy is available for a taxpayer to receive an allocation, if the request is timely filed," under Section 41 of the Tax Code. *Id*. at 850, 852. Horizons thus contends that, although an untimely allocation cannot be corrected under Section 25.25(c), Section 41 provides a remedy to receive allocation. Because Horizons did not seek relief under Section 25.25(c)(3) and because it timely filed a protest based on the lack of interstate allocation under Section 41 and in accordance with the provisions of Section 21.055 of the Tax Code, Horizons contends that its allocation request was not waived.

Although several cases declaring that a taxpayer waives the right to allocation when allocation information is not filed simultaneously with the rendition are Section 25.25(c)(3)

13

correction cases,[16] we disagree with Horizons' assertion that waiver can *only* apply in those types of cases.[17]  As correctly recognized in *Texas Gas Transmission Corp.*, the comptroller's regulations and corresponding Tax Code provisions require the simultaneous filing of allocation information[18] with the rendition:

> The Code directs the comptroller to adopt rules identifying the kinds of property subject to interstate allocation and to establish formulas for calculating allocation ratios.  *See* TEX. TAX CODE ANN. § 21.03(b) (Vernon 2001).[19]  The Code also

---

[16]*See Tex. Gas Transmission Corp.*, 105 S.W.3d at 90–91; *Tex. Eastern Transmission Corp.*, 99 S.W.3d at 850; *SLW Aviation, Inc. v. Harris Cnty. Appraisal Dist.*, 105 S.W.3d 99, 102 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Harris Cnty. Appraisal Dist. v. JW Charter, Inc.*, No. 01-02-00063-CV, 2003 WL 1605784, at *1 (Tex. App.—Houston [1st Dist.] Mar. 27, 2003, no pet.) (mem. op.).

[17]We acknowledge the inherent differences between the types of proceedings involved in Section 25.25(c)(3) correction cases and Section 41 protest cases. In *Aramco Associated Co. v. Harris County Appraisal Dist.*, 33 S.W.3d 361, 363–64, (Tex. App.—Texarkana 2000, pet. denied), this Court recognized that "[t]here are significant differences in the relief available under [Chapters 41 and 42 and Section 25.25] of the Tax Code."  We explained,

> Matters under Section 25.25 are not limited by the time constraint of Chapters 41 and 42, but can be brought anytime before the end of a five-year period after January 1 of the tax year. These legislative remedies are more narrowly drawn than those in Chapters 41 and 42. Section 25.25 provides for a correction of the appraisal roll under some circumstances.

*Id*. at 364 (footnote omitted).

[18]The rendition form submitted by Horizons was captioned "BUSINESS PERSONAL PROPERTY RENDITION." This form did not provide for information measuring the use of the property within Texas or within other states or nations.  Generally, a taxpayer wishing to render property qualified for allocation of value will submit a separate form generated by the taxing authority for that purpose.  No such form appears in the record of this case.  We note that interstate allocation must be requested by the property owner, and is not automatic.  *See Aramco Associated Co.*, 33 S.W.3d at 364 ("Aramco could have had the property appropriately apportioned in accordance with the situses if it had properly sought this benefit.").

[19]Section 21.03(b) provides,

> (b)     The comptroller shall adopt rules:
>
> (1)     identifying the kinds of property subject to this section; and
>
> (2)     establishing formulas for calculating the proportion of total market value to be allocated to this state.

TEX. TAX CODE ANN. § 21.03 (West 2008).

14

mandates that any rendition forms approved by the comptroller require "a property owner to furnish the information necessary to identify the property and to determine its ownership, taxability, and situs." TEX. TAX CODE ANN. § 22.24(c)[20] (Vernon 2001). Accordingly, the comptroller has adopted rules requiring a property owner to file a rendition form that provides enough information to prove entitlement to allocation and to permit the chief appraiser to apply an allocation formula appropriate to the property. *See* 34 TEX. ADMIN. CODE § 9.4033(e).[21] Finally, the Code requires the person filing the rendition form to "include all information required by the form." TEX. TAX CODE ANN. § 22.24(b) (Vernon 2001). To comply with the plain language of these statutes and this rule, a taxpayer claiming entitlement to allocation must provide supporting information when he submits his rendition form.

*Tex. Gas Transmission Corp.*, 105 S.W.3d at 94 (footnote omitted).

In light of these statutory requirements, waiver of the right to allocation has been found in

Section 41 cases as well. *See Starflight 50, L.L.C.*, 287 S.W.3d at 743; *Sturgis*, 351 S.W.3d at

---

[20]Section 22.24(c) provides,

(c) The comptroller may prescribe or approve different forms for different kinds of property but shall ensure that each form requires a property owner to furnish the information necessary to identify the property and to determine its ownership, taxability, and situs.

TEX. TAX CODE ANN. § 22.24(c) (West Supp. 2014).

[21]Section 9.4033(e) of Chapter 34 of the Administrative Code provides,

(e)     A property owner who is entitled to an allocation of property must file a rendition form that provides enough information necessary to prove the entitlement to allocation and permit the chief appraiser to apply an allocation formula appropriate to the subject property. An appraisal district shall use the comptroller-prescribed, model form Rendition of Property Qualified for Allocation of Value or a form containing information which is in substantial compliance with the model form if approved by the comptroller. Each form *shall require the property owner* to identify the property that is the subject of the rendition and *provide information measuring the use of the property within Texas and within other states or nations.* The form must permit the property owner to state an opinion of the total market value of the property and the amount of value that should be allocated to each taxing unit in which the property has situs.

34 TEX. ADMIN. CODE ANN. § 9.4033(e) (West 2013) (emphasis added).

383. Although Horizons attempts to avoid the waiver rule by relying on factual distinctions in *Starflight* and *Sturgis*, those distinctions do not erase the fact that, in this case, Horizons did not file allocation information at the time it rendered the aircraft.

From an equitable standpoint, Horizons is correct. HCAD was provided with allocation information by December 2012, and this information was available at the ARB hearing. HCAD could have, in its discretion, chosen to accept this information and tax the aircraft in accordance with its allocated value. HCAD, however, chose not to do that. And, according to the statutes herein previously discussed, as well as the cases interpreting those statutes, we are compelled to conclude that Horizons waived its right to allocation when it failed to file information necessary to determine the allocated value of its aircraft at the time of rendition.

*(3)* *Horizons Was Not Entitled to Recover Attorney Fees*

The trial court awarded attorney fees to Horizons pursuant to Section 42.29 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 42.29 (West Supp. 2014) (property owner who prevails in appeal to court under Sections 42.25 or 42.26 may be awarded reasonable attorney fees). Because the judgment of the trial court was in error, Horizons was not entitled to recover its attorney fees and costs.

We reverse the trial court's judgment and render judgment in favor of HCAD.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 5, 2014
Date Decided:       January 9, 2015